UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN B.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C22-5131-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in discounting certain medical opinions as well as Plaintiff's testimony. (Dkt. # 18 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1971, has an 11th-grade education, and has worked as a cement finisher. AR at 41-43. Plaintiff was last gainfully employed in 2008. *Id.* at 41.

In April 2017, Plaintiff applied for benefits, alleging disability as of February 24, 2010. AR at 268-73. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

ORDER - 1

requested a hearing. *Id.* at 149-52, 156-61. After the ALJ conducted a hearing in 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 128-40.

The Appeals Council granted Plaintiff's request for review, and remanded the case to the ALJ for further administrative proceedings. AR at 146-47. A different ALJ held a hearing in March 2021 (*id.* at 34-74), and subsequently issued a decision finding Plaintiff not disabled. *Id.* at 15-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Err in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and explained that he discounted them because: (1) the physical examination findings are "primarily unremarkable and inconsistent" with the degree of limitation that Plaintiff asserts, (2) Plaintiff symptoms improved with treatment, and (3) Plaintiff's mental findings are generally normal and his symptoms improved with medication. AR at 20-24. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that the ALJ's reasoning was erroneous.[1] Plaintiff first argues that that the ALJ should have relied on medical opinions rather than attempt to resolve conflicts in the medical record himself. (Dkt. # 18 at 13.) But it is the ALJ who is tasked with resolving conflicts in the record, and Plaintiff has not shown that the ALJ erred in looking to the record as a whole when assessing the reliability of Plaintiff's allegations. *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record."); *Thomas*, 278 F.3d at 956-57 ("When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." (cleaned up)).

---

[1] Plaintiff states that the ALJ discounted his testimony based on his daily activities. (Dkt. # 18 at 12-13.) The ALJ did not rely on this basis, however, and Plaintiff's challenge to such a finding therefore fails to establish error in the ALJ's decision.

ORDER - 3

Plaintiff also argues that the ALJ erred in describing his treatment as conservative because it included surgery and "heavy" pain medication. (Dkt. # 18 at 13.) The ALJ acknowledged Plaintiff's surgery and medication, however. In one part of the decision the ALJ referred to Plaintiff's epidural steroid injections and physical therapy as "conservative treatment" (AR at 22), and Plaintiff has not shown that the ALJ erred in this characterization.

To the extent that Plaintiff also argues that the ALJ erred in failing to account for the side effects of his pain medication (dkt. # 18 at 13 (citing AR at 65 (Plaintiff's testimony that Tramadol makes him feel "spacey"))), the ALJ cited evidence that Plaintiff reported improvement with medication (AR at 24 (citing *id.* at 795, 806, 837)), and Plaintiff did not mention any side effects to his providers at those times. Moreover, Plaintiff also denied side effects in his agency paperwork (*id.* at 369), and the ALJ found Plaintiff's largely normal findings as to *inter alia* concentration to be inconsistent with the mental limitations he alleged. *See id.* at 23-24. Plaintiff has not shown that the ALJ overlooked or failed to account for evidence of Plaintiff's medication side effects.

Plaintiff has failed to establish that the ALJ erred in discounting his testimony based on a lack of corroboration in and contradiction with the record of Plaintiff's treatment for physical and mental complaints, as well as his improvement with treatment. Accordingly, the Court affirms the ALJ's assessment of Plaintiff's testimony.

  **B.  The ALJ Did Not Err in Assessing Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of certain medical opinion evidence, which the Court will address in turn.

ORDER - 4

### 1. *Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

### 2. *The ALJ Did Not Err in Assessing the Opinions of Debbie Turner, ARNP, and Brent Packer, M.D.*

Ms. Turner, Plaintiff's treating nurse, completed a DSHS form opinion in March 2019 indicating that Plaintiff was unable to meet the demands of even sedentary work. AR at 943-47. Dr. Packer had reviewed medical evidence for DSHS in May 2017 and found that Plaintiff was limited to sedentary work with additional limitations in postural activity and gross/fine motor skills. *Id*. at 609-11, 925.

The ALJ found the opinions of Ms. Turner and Dr. Packer to be unpersuasive because their conclusions were inconsistent with Plaintiff's examinations after his back operation, and unsupported by Ms. Turner's physical examination findings. AR at 24. Plaintiff acknowledges that Dr. Packer reviewed pre-surgery records, but emphasizes that Ms. Turner was aware of Plaintiff's post-operative progress and "was in the optimum position" to evaluate the limitations that persisted. (Dkt. # 18 at 7.) Plaintiff also notes that Ms. Turner prescribed Plaintiff medication, which indicated that she believed his pain allegations. (*Id*. at 7-8.)

Plaintiff has failed to establish that the ALJ erred in finding Ms. Turner's conclusions to be inconsistent with the post-operation treatment notes. Specifically, Plaintiff's treatment notes indicate that he used a back brace immediately after his surgery and was instructed to begin weaning off the use of the brace by October 2018. AR at 936, 939. At his next appointment, in

December 2018, he reported continued improvement and did not mention using a back brace. *Id*. at 931. By March 2019, Plaintiff reported that his pain had dropped to 3/10, he was walking without difficulty, and he reported no weakness or balance problems. *Id*. at 927-28. Plaintiff's treating providers recommended that he "gradually return to all normal activities as tolerated" in March 2019. *Id*. at 929.

These treatment notes are inconsistent with Ms. Turner's opinion that in March 2019 Plaintiff required a back brace for walking; that he could not sit, walk, or stand for any length of time; and that his back pain prevented him from engaging in any form of work activity. AR at 943-44. The ALJ reasonably found Ms. Turner's opinion to be inconsistent with the contemporaneous treatment notes and did not err in finding it unpersuasive on that basis. Although Plaintiff emphasizes that Ms. Turner treated Plaintiff and prescribed medication (dkt. # 18 at 7-8), neither of these facts pertains to whether her conclusions were consistent with the record. The ALJ properly considered whether Ms. Turner's conclusions were consistent with the record, reasonably found them to be inconsistent, and did not err in finding her opinion unpersuasive on that basis.

Plaintiff's post-operation treatment notes are also inconsistent with Dr. Packer's 2017 opinion, which was rendered before Plaintiff's condition improved with surgery. Thus, although Plaintiff contends that Dr. Packer's conclusions are consistent with Ms. Turner's findings (dkt. # 18 at 7), because the ALJ properly found Ms. Turner's opinion to be unpersuasive, Ms. Turner's opinion does not bolster Dr. Packer's conclusions. Because Dr. Packer's opinion is inconsistent with the evidence of Plaintiff's improvement after surgery, the ALJ did not err in finding it unpersuasive.

ORDER - 6

To the extent that Plaintiff also alleges that the ALJ erred in crediting State agency opinions rendered before Plaintiff's back surgery (dkt. ## 18 at 7, 20 at 2-3), the Court finds no merit in Plaintiff's argument that the ALJ erred in finding the State agency opinion to be consistent with evidence that the consultants did not review. The ALJ properly considered the State agency opinions in light of the entire record before him, and found it to be consistent with the evidence of Plaintiff's improved functioning after surgery. AR at 24. Although the State agency consultants reviewed the records before Plaintiff's surgery, and thus could not have relied on those records in rendering their conclusions, the regulations nonetheless instruct the ALJ to consider medical opinions in the context of the entire record. *See* 20 C.F.R. §416.920c(c)(2). Plaintiff has not shown that the ALJ erred in finding the State agency opinions consistent with the evidence of Plaintiff's improvement after surgery.

        3.     *The ALJ Did Not Err in Assessing the Opinions of Dennis Kelly, Ph.D.*

Dr. Kelly examined Plaintiff in June 2017 and wrote a narrative opinion describing his mental symptoms and limitations. AR at 590-94. Dr. Kelly's medical source statement reads as follows:

> The claimant interacted satisfactorily with the examiner, and his social skills appear to be adequate. On the cognitive mental status examination he performed variably. Ability to reason and overall memory were fair. On the other hand, fund of knowledge and sustained concentration were rather poor.
>
> The claimant's ability to complete a normal workday or work week without interruption from both mental health and medical symptoms is at least moderately impaired. He appears to have little ability to tolerate the usual stresses encountered in a typical workplace, particularly if they are physical in nature. His adaptation to new or challenging situations is felt to be poor. The claimant might represent a candidate for vocational rehabilitation services, were it not for the fact that other employment options are limited due to his formal education being low.

*Id*. at 594. The ALJ found Dr. Kelly's opinion to be unpersuasive because: (1) his conclusions are inconsistent with the "generally normal" mental status examinations; and (2) his conclusions

are not supported by his own mental status examination, which indicated "no more than moderate cognitive impairment[.]" *Id*. at 25.

Plaintiff suggests that Dr. Kelly's opinion was persuasive because Dr. Kelly witnessed the "melding together" of Plaintiff's physical pain and mental impairments, because Dr. Kelly did not find any evidence of malingering, and because Dr. Kelly went into more depth than other providers who wrote opinions. (Dkt. # 18 at 11-12.) This alternative interpretation of the evidence does not establish error in the ALJ's reasons to find Dr. Kelly's opinion unpersuasive, however. Plaintiff has not shown that the ALJ erred in finding that the other mental status examinations in the record (AR at 751, 760-61, 763, 765) were generally normal, or that many of Dr. Kelly's own mental status examination findings (*id*. at 592-93) were normal as well.

Because Plaintiff has not shown that the ALJ erred in finding Dr. Kelly's conclusions to be inconsistent with and unsupported by objective findings, Plaintiff has failed to establish error in the ALJ's assessment of Dr. Kelly's opinion.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 19th day of September, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge